IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

     v.                                           05-CR-87-wmc-01

BRIAN L. ANDERSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Brian L. Anderson's supervised release was held on March 19, 2012, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael Lieberman. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on November 16, 2005, following his conviction for felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 82 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on August 19, 2011. On August 20, 2011, he violated the mandatory condition prohibiting him from committing another

federal, state, or local crime when he was arrested for disorderly conduct, a Class B misdemeanor in violation of Wisconsin State Statute 946.41(1). On March 2, 2012, he pled no contest and was ordered to serve a four-day jail term with credit for time served (Dane County Case No. 2011CM2116). Defendant again violated the mandatory condition prohibiting him from committing another federal, state, or local crime on November 4, 2011, when he was involved in an alleged battery of a female cousin. He was arrested on November 7, 2011, and charged with bail jumping and battery, both Class A misdemeanors (Dane County Case No. 2011CM2919). On March 2, 2012, defendant pled guilty to a reduced charge of disorderly conduct and bail jumping. He received consecutive 60-day jail terms for his disorderly conduct conviction and his bail-jumping conviction. He received credit for time served and was released from state custody to the custody of the U.S. Marshals Service on March 2, 2012.

On August 24, 2011, and September 28, 2011, defendant violated Standard Condition No. 2 requiring him to follow the instructions of the probation officer when he went to his sister's residence.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it, and/or modify the conditions of supervision.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on November 16, 2005, will be revoked.

Defendant's criminal history category is V. With a Grade C violation and a criminal history category of V, defendant has an advisory guideline term of imprisonment range of 7 to 13 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence below that guideline range. The intent of this sentence is to hold defendant accountable for his violations, for specific and general deterrence, and to acknowledge the nature of the offenses as pled.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on November 16, 2005, is REVOKED and defendant is sentenced to 1 month with credit for time served commencing March 2, 2012. A 30-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect, with the addition of the following condition:

Special Condition No. 7: "Defendant is to spend his first 90 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the

facility administrator and the supervising U.S. probation officer."

The probation office is to notify local law enforcement agencies and the state attorney general of the defendant's release to the community.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration and supervision.

Finally, the defendant shall appear before me for review consistent with the terms of the Court's Intervention Program on July 25, 2012, at 11:30 a.m.

Entered this 19th day of March 2012

BY THE COURT:

William M. Conley
U.S. District Judge