IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN L. ANDERSON,<br><br>Defendant. | ORDER<br><br>05-cr-87-wmc-01 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Brian L. Anderson's supervised release was held on June 1, 2012, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U.S. Probation Officer Shawn P. Robinson.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on November 16, 2005, following his conviction for felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 82 months, with a 36-month term of supervised release to follow.

Defendant began his original term of supervised release on August 19, 2011. On March 19, 2012, his term of supervised release was revoked after he violated the mandatory condition prohibiting him from committing another federal, state, or local crime by his convictions for disorderly conduct and bail jumping, in Dane County Circuit Court Case Nos. 2011CM2116 and 2011CM2919. Defendant was sentenced to a one-month term of incarceration with credit for time served commencing March 2, 2012, to be followed by a 30-month term of supervised release. All standard and special conditions of supervised release previously imposed were ordered to remain in effect, with the addition of Special Condition No. 7 requiring the defendant to spend his first 90 days of supervised release in a residential reentry center (RRC).

Defendant began his second term of supervised release on March 28, 2012. On that date, he began his 90-day RRC placement at Rock Valley Community Programs. On May 14, 2012, defendant violated Special Condition No. 7 requiring the completion of an RRC placement, when he was unsuccessfully discharged from the program based on an ongoing pattern of non-compliant behavior.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it, and/or modify the conditions of supervision.

## CONCLUSIONS

Defendant's violation warrants revocation. Accordingly, the 30-month term of supervised release imposed on the defendant on March 19, 2012, will be revoked.

Defendant's criminal history category is V. With a Grade C violation and a criminal history category of V, defendant has an advisory guideline term of imprisonment range of 7 to 13 months. The statutory maximum to which the defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence toward the top of the guideline range. The intent of this sentence is to hold defendant accountable for his violation, and provide for specific and general deterrence.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 19, 2012, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 12 months and 1 day, with no supervised release to follow. However, this sentence is SUSPENDED and defendant shall be subject to supervision for a term of 24 months under the same terms and conditions except that special condition no. 7 shall read:

> Unless relieved from this obligation by the court upon recommendation by the U.S. Probation Office, the defendant will be subject to 24 months in a home detention program that includes location monitoring using the Global Positioning Satellite (GPS) monitoring or similar technology. During this time, the defendant shall remain at his residence, 4501 Hammersley Road, Apartment 209, Madison, Wisconsin, at all times except for employment, counseling, meeting

with legal counsel, or approved educational programs, as approved by the supervising U.S. probation officer. The defendant shall be responsible for the cost of location monitoring.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration and supervision.

The defendant has ten days to appeal this sentence and should consult with his attorney.

Entered this 4th day of June 2012

BY THE COURT:

William M. Conley
U.S. District Judge