IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRIAN L. ANDERSON,

        Defendant.

ORDER

05-cr-87-wmc-01

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Brian L. Anderson's supervised release was held on June 1, 2012, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U.S. Probation Officer Shawn P. Robinson. After finding grounds to revoke, the court committed the defendant to the custody of the Bureau of Prisons for a term of 12 months and 1 day, with no supervised release to follow. However, this sentence was suspended and defendant subjected to supervision for a term of 24 months under the same terms and conditions except that the defendant was subjected to home detention that included location monitoring using the Global Positioning Satellite (GPS) monitoring or similar technology.

Following the June 1st hearing, it became apparent that (1) the court's suspension of sentence was without legal basis under the current state of the law; and (2) the defendant was unable to maintain his residence at 4501 Hammersley Road or at any other address

acceptable to the court in light of his criminal history and past violations while under supervised release. Accordingly, a status conference was held on June 20, 2012 with the same appearances by the government, federal public defender and probation officer, at which this court:

1. vacated its June 4, 2012 order;

2. adopted its findings from the June 4th order;

3. concluded that defendant's violation warranted revocation and revoked the 30-month term of supervised release imposed on the defendant on March 19, 2012;

4. adopted its findings from the June 4th order as to the applicable guideline term of imprisonment range and concluded that a departure was warranted under § 5K2.0 in light of the nature of defendant's most recent violations and demonstrated ability to succeed, albeit for a short period of time under a properly structured environment;

5. committed the defendant to the custody of the Bureau of Prisons for a term of 90 days with 24 months of supervision to follow;

6. recommended that the defendant begin to work with the probation office and others to immediately find living arrangements and employment likely to contribute to his success upon release; and

7. advised the defendant that any further violations of his conditions of release would result in swift and immediate punishment and scheduled the defendant to appear in front of me on a 30 day basis upon his release.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 19, 2012, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 3 months, with 24 months of supervised release to follow under the same terms and conditions as originally imposed by the court on November 16, 2005. Defendant does not have the financial means or earning capacity to pay the cost of incarceration and supervision.

The defendant has ten days to appeal this sentence and should consult with his attorney.

Entered this 20th day of June 2012

BY THE COURT

William M. Conley
U.S. District Judge