IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                ORDER

    v.                            05-cr-87-wmc-01

BRIAN L. ANDERSON,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Brian L. Anderson's supervised release was held on October 10, 2012, before U.S. District Judge William M. Conley. The government appeared by U.S. Attorney John W. Vaudreuil. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U.S. Probation Officer Shawn P. Robinson.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on November 16, 2005, following his conviction for felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 82 months, with a 36-month term of supervised release to follow.

Defendant began his original term of supervised release on August 19, 2011. On March 19, 2012, his term of supervised release was revoked after he violated the mandatory condition prohibiting him from committing another federal, state, or local crime by his convictions for disorderly conduct and bail jumping, in Dane County Circuit Court Case Nos. 2011CM2116 and 2011CM2919. Defendant was sentenced to a one-month term of incarceration with credit for time served commencing March 2, 2012,

to be followed by a 30-month term of supervised release. All standard and special conditions of supervised release previously imposed were ordered to remain in effect, with the addition of Special Condition No. 7 requiring the defendant to spend his first 90 days of supervised release in a residential reentry center (RRC).

Defendant began his second term of supervised release on March 28, 2012. On June 20, 2012, his term of supervised release was revoked after he violated Special Condition No. 7 requiring the completion of an RRC placement, when he was unsuccessfully discharged from the program based on an ongoing pattern of non-compliant behavior. Defendant was sentenced to a 3-month term of incarceration to be followed by a 2-year term of supervised release. All standard and special conditions of supervised release previously imposed were ordered to remain in effect.

Defendant began his third term of supervised release on September 18, 2012. On October 4, 2012, the defendant violated Standard Condition No. 3 requiring him to follow the instructions of the probation officer when he failed to attend the Madison Police Department's, Special Investigation Unit community meeting, as instructed.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it, and/or modify the conditions of supervision.

Defendant's violation warrants revocation, but the court will not at this time. Instead, the court will require that the deft immediately meet with his probation officer to arrange: (1) his prompt viewing of the entire videotape of the Oct. 4, 2012, meeting; (2) his prompt appointment with Dr. Mayan; and (3) finding a place to live acceptable to the probation office.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 20, 2012,

is CONTINUED and defendant will be released from custody immediately.

Entered this 10th day of October 2012

BY THE COURT:

*/s/ William Conley*

_____
William M. Conley
U.S. District Judge